IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2006

## DANIEL GORDON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-26819    W. Fred Axley, Judge**

**No. W2005-01501-CCA-R3-PC  - Filed April 3, 2006**

The petitioner pled guilty in the Shelby County Criminal Court to one count of rape of a child on May 1, 2002.  On October 7, 2002, the petitioner filed a petition for post-conviction relief asserting that he was afforded ineffective assistance of counsel at his guilty plea.  Following a hearing, the post-conviction court denied the petition on May 19, 2005.  The petitioner appeals to this Court. After a review of the record, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Paul K. Guibao, Memphis, Tennessee, for the appellant, Daniel Gordon.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; William L. Gibbons, District Attorney General, and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was arrested on June 26, 2001, while he was babysitting his ten-year-old niece. The victim told the police that the petitioner sexually assaulted her.  The victim was taken to a rape crisis center where a rape kit was performed.  The clinician advised there was redness and irritation to the exterior area of the victim's vagina and vulva.  The petitioner was taken to the police station where he gave a statement to the police admitting that he had sexually assaulted the victim.

On December 11, 2001, the Shelby County Grand Jury indicted the petitioner for one count of rape of a child.  On May 1, 2002, the petitioner, through a negotiated plea agreement, pled guilty to one count of rape of a child.  At the guilty plea hearing, the trial court told the petitioner he did

not have to plead guilty. The trial court throughly explained the petitioner's rights and asked if the petitioner understood everything. The petitioner stated that he understood everything. The petitioner told the trial court that he was satisfied with his counsel's representation and that trial counsel had adequately investigated the case. As part of the plea agreement, the petitioner was sentenced to twenty-five years to be served at 100 percent incarceration.

## Post-Conviction Hearing

The petitioner filed a pro se petition for post-conviction relief on October 7, 2002, and the petitioner was appointed private counsel. Counsel then filed two subsequent amended petitions for post-conviction relief. The only ground asserted for post-conviction relief was that the petitioner was afforded the ineffective assistance of counsel at his guilty plea. The petitioner was the sole witness at the post-conviction hearing. He stated that the day he was arrested he had been drinking beer and smoking crack. He also stated that he did not actually remember giving his statement to the police. He found out that he gave a statement when it was provided to him as part of his discovery packet. The petitioner admitted that both the statement and the physical evidence were very damaging to any defense. The petitioner testified that his trial attorney was appointed. The petitioner stated that he and his attorney met only a few times. He alleged that the five or six times counsel came to see him, counsel did not even talk about the case. Furthermore, the petitioner alleged that counsel did not adequately investigate the case. The petitioner continually asked his counsel to interview witnesses, but counsel said they would not talk to him. The petitioner did not believe counsel. The petitioner admitted later that he did not actually know what counsel did or did not do, and that it was indeed possible that the witnesses refused to talk to him. Following an evidentiary hearing, the post-conviction court denied the petition.

The petitioner appeals from the post-conviction court's order denying his petition.

## ANALYSIS

The petitioner's sole argument on appeal is that the post-conviction court erred in determining that he was afforded effective assistance of counsel.

## Post-Conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are

reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## Effective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. Under Strickland v. Washington, 466 U.S. 668, 694 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), and the State standard set out in <u>State v. Mackey</u>, 553 S.W.2d 337 (Tenn. 1977). <u>State v. Pettus</u>, 986 S.W.2d 540, 542 (Tenn. 1999). In <u>Boykin</u>, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. <u>Boykin</u>, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in <u>Mackey</u> required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. <u>Pettus</u>, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. <u>Blankenship v.. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. <u>Pettus</u>, 986 S.W.2d at 542; <u>Blankenship</u>, 858 S .W.2d at 904.

The post-conviction court made the following findings in its order:

Petitioner submits that counsel at the trial level was ineffective for several reasons, and that this ineffectiveness unfairly influenced the Petitioner's decision to plead guilty. The Petitioner thus argues that his guilty plea was not voluntary. This Court will now address each of the Petitioner's assertions.

1. The first assertion that that [sic] the Petitioner alleges is that Trial Counsel did not adequately investigate Petitioner's case. He claims that this includes but is not limited to a lack of communication with the client, witness preparation, and discovery review, including witness statements. This is a very broad assertion with no factual backing. The first assertion in this group assertion is that there was a lack of communication with counsel is without merit . . . .

Petitioner himself testified that he met with counsel 5 or 6 times to discuss the case. There is nothing in the record or in Petitioner's testimony that would substantiate Petitioner's contention that the lack of number of meetings Counsel had with Petitioner directly and adversely affected the outcome of the trial. Furthermore there is nothing in the record or in Petitioner's testimony that demonstrates that Counsel deviated from any of the above-enumerated cases or American Bar Association rules listed above. The Petitioner's contention that there were an unacceptable number of meetings, which in turn, adversely affected Petitioner's case, is therefore without merit. The next allegation Petitioner makes in this group assertion is that Trial Counsel did not investigate any of the witnesses. When asked about this at the hearing the petitioner admitted that his trial Counsel did in fact tell him that he had tried to meet with the witnesses and they had refused to speak with him. Therefore this allegation is without merit and should not be considered by this court. The last allegation in this first group of assertions is that Trial Counsel did not

-4-

review the discovery with him. At the hearing the Petitioner testified that he had a copy of his discovery packet and did have it before the time he decided to plead guilty. Therefore this allegation is without merit and will not be considered by this court. The last allegation is that the Trial Counsel did not give him any of the witness statements, but Petitioner testified at the hearing that Trial Counsel tried to interview the witnesses and they refused to talk to him. There was no way the Trial Counsel could force these witnesses to talk to him. Therefore this allegation is without merit and should not be considered by this court.

2. The next assertion that Petitioner made is that Trial Counsel did not adequately communicate with the petitioner, therefore preventing petitioner from properly participating in his defense, including possible alibi defenses. This was addressed in the first allegation where the Petitioner testified at the hearing that Trial Counsel did in fact come to see him numerous times and talked with him about his case. Therefore, this issue is without merit and shall be disregarded by the court.

3. Petitioner alleges that the deficiency of Trial Counsel forced the decision of the petitioner to plead guilty. This allegation is without merit. Petitioner's complaint in this instance is too generalized in nature to properly address. Furthermore, none of Petitioner's allegations as set forth in his Motion for Post-Conviction Relief that were previously addressed in this document have proven to hold any merit. Lastly, Petitioner was subjected to the proper interrogatory procedure for pleading guilty, to insure that the plea is knowing and voluntary, as is required by law.

. . . .

Petitioner testified at his Post-Conviction Hearing that the [required] inquiry took place; that all the above questions were posited to Petitioner; and that all the aforementioned questions were answered in the affirmative. Also an important note that should be made is the Petitioner's opinion as to the quality of representation that he received from Trial Counsel. Petitioner stated that he was very pleased with the quality of work that his attorney performed. At the Guilty Plea the Judge asked the Petitioner if he was satisfied with the quality of representation and the petitioner responded that "he has been very helpful." This being the case, there seems to be no merit to Petitioner's contention that the deficiency of trial counsel forced the decision of petitioner at the trial level to plead guilty. Post-Conviction relief cannot be based on this claim.

4. Petitioner further alleges that his guilty plea was entered into without proper advice of counsel and that the Petitioner did not have a full understanding of the consequences of the plea due to the deficiencies of counsel. Specifically Petitioner did not fully understand the constitutional rights he was waiving and the sentencing aspects of the conviction. The Petitioner alludes to the threat of more charges being brought against him as a coercive force in his decision to plead guilty. This court finds that this can not legitimately be considered a coercive force. The fact that he was not charged with these other crimes was his reward for accepting the deal to the original crime. This is the same assertion that Petitioner made in the last

assertion and for the same reasons it is also denied. This court believes that the Petitioner was made aware of the rights that he was waiving and was adequately represented so that he could make an informed decision as to if he wanted to accept the guilty plea.

(footnotes omitted).

As we stated above, this Court is bound by the post-conviction court's findings unless the evidence preponderates against those findings. We have reviewed the record in this case and conclude that the evidence does not preponderate against the trial court's findings. As we stated above, the petitioner was the only witness at the post-conviction hearing. He stated that his trial counsel did not afford him adequate counsel because trial counsel met with him only a few times, and when he did, trial counsel did not even talk about the petitioner's case. The petitioner also stated that his trial counsel did not adequately interview potential witnesses.

However, the evidence presented at the hearing does not support the petitioner's assertions. On cross-examination, the petitioner admitted that it was very likely that because of the nature of the crime the witnesses in question would not speak to the petitioner's attorney. In addition, the petitioner also stated that he was unsure as to what trial counsel had actually done for trial preparation. At the guilty plea hearing, the trial court specifically questioned the petitioner about his attorney's performance. The petitioner's answers belie the assertion in his petition that he was afforded ineffective assistance of counsel. The exchange was as follows:

> THE COURT: And have you been over this case with [Trial Counsel]?
> [The Petitioner]: Yes, Your Honor, I have.
> THE COURT: You've discussed the investigation made by his office and discussed the law and all aspects of this case? Have you done that?
> [The Petitioner]: Yes, Your Honor, I have.
> THE COURT: Are you satisfied with [Trial Counsel's] representation?
> [The Petitioner]: Yes, Your Honor.
> THE COURT: You feel like he has investigated this case and explained it to you to your satisfaction?
> [The Petitioner]: Yes, Your Honor.
> THE COURT: And did he explain to you that you could go to trial on this case?
> [The Petitioner]: Yes, Your Honor.
> . . . .
> THE COURT: Now, who is your lawyer, sir?
> [The Petitioner]: [Trial Counsel]
> THE COURT: And are you satisfied with [Trial Counsel]?
> [The Petitioner]: Yes, Your Honor.

THE COURT: You feel like he's done a good job?

[The Petitioner]: Yes, Your Honor.

THE COURT: Has he gone over everything about this case to your satisfaction?

[The Petitioner]: Yes, Your Honor, he has. He's been very helpful.

THE COURT: Has he had an opportunity to meet the members of your family, including your mother?

[The Petitioner]: I'm pretty sure he has.

THE COURT: And he's talked to them?

[The Petitioner]: Yes, Your Honor.

THE COURT: And based upon all of his contact with your family and all that you know about his investigation, you are reasonably satisfied that this is the right thing for you to do?

[The Petitioner]: Yes, Your Honor.

. . . .

THE COURT: All right. Finally, I say to you, [Petitioner], I want you to tell me, did [Trial Counsel] represent you well and investigate the case well and present it well to the court and to the prosecutors?

[The Petitioner]: Yes, Your Honor, he did.

THE COURT: And do you have any criticism of him? How would you describe his representation if you had to choose a word or some words?

[The Petitioner]: I would – I would describe him as an – as a lawyer who is very helpful.

The record does not support the petitioner's assertion that his trial counsel was ineffective. He has not shown that his representation was deficient or that if deficient it would have been prejudicial. In a case where the petitioner pled guilty, the petitioner must prove that he would not have pled guilty if it had not been for the deficient representation of his trial counsel. We find no evidence in the record to support the conclusion that the petitioner would not have pled guilty in the case sub judice. Because the evidence does not preponderate against the findings of the post-conviction court, we conclude that the post-conviction court's findings were correct. The petitioner was not deprived of the effective assistance of counsel at his guilty plea.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the post-conviction court.

_____
JERRY L. SMITH, JUDGE

-7-